IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WEIDONG QIAN,

    Plaintiff,

vs.  No. CIV 06-102 JB/LCS

EASTERN NEW MEXICO UNIVERSITY;
THE GRADUATE SCHOOL;
THE COLLEGE OF BUSINESS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss, filed December 11, 2006 (Doc. 12). The primary issue is whether the Court should dismiss Plaintiff Weidong Qian's complaint, because he has failed to respond to the Defendants' Motion to Dismiss, and because he has failed to comply with the Court's order that he file a more definite statement of his grievances. Because Plaintiff Weidong Qian has not responded to the motion within the time allotted for doing so and has not complied with the Court's order, the Court will grant the Defendants' motion.

## PROCEDURAL BACKGROUND

On November 15, 2006, the Court granted Defendants' Motion for More Definite Statement and entered a Memorandum Opinion and Order requiring Qian to file, by November 30, 2006, an amended complaint that complies with the Federal Rules of Civil Procedure. See Memorandum Opinion and Order, filed November 15, 2006 (Doc. 11). The amended complaint was to set forth (i) how the Defendants racially discriminated against Qian; (ii) what events allegedly violated his rights to equal protection and due process; (iii) what tortious acts allegedly supported his claim for

conspiracy to violate his civil rights; and (iv) the specific statutory or legal bases he relied on in bringing suit. See id. at 2. The Court cautioned Qian that failure to timely file an amended complaint that complied with these instructions may result in dismissal of this action with prejudice. See id. Qian has not complied with the Court's Memorandum Opinion and Order.

## LAW REGARDING DISMISSAL

Under rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action for a plaintiff's failure to prosecute his case or to comply with a court order. See Fed. R. Civ. P. 41(b). In determining whether a complaint should be dismissed pursuant to rule 41(b), the court should consider: "[i] the degree of actual prejudice to the defendant; [ii] the amount of interference with the judicial process; [iii] the culpability of the litigant; [iv] whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and [v] the efficacy of lesser sanctions." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(internal quotation marks and alterations omitted).

## ANALYSIS

At the outset, the Court notes that, pursuant to Local Rule 7.1(b), Qian's failure to file and serve any response in opposition to the Defendants' motion for dismissal constitutes his consent to the Court's granting of the Defendants' motion. See D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M.LR-Civ. 7.6(a) ("A response must be served within fourteen (14) calendar days after service of the motion."). While Qian can thus be deemed to have consented to the Defendants' motion, because he is proceeding pro se, the Court has also carefully reviewed the Defendants' motion on the merits. The Court finds that the Defendants' Motion to

Dismiss has force.

The Court will address each of the five dismissal factors in turn. First, because Qian's complaint does not give the Defendants fair notice of Qian's claims, it is prejudicial to the Defendants to allow Qian to avoid dismissal of the unamended complaint. It is neither the Court's nor the Defendants' role to sort through a poorly drafted complaint and speculate regarding what facts may exist or on what statutory basis the pro se plaintiff may be relying to construct a cause of action. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Second, because Qian has not responded to any motion since the case has been transferred to the United Stated District Court for the District of New Mexico and has not moved forward with prosecuting his suit after having been ordered to do so, he is interfering with timely and efficient judicial process. Third, Qian is culpable for failing to file a complaint that complies with the Federal Rules of Civil Procedure and for failing to comply with the Court's order to amend his complaint. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) (noting that, although a pro se litigant's pleadings are entitled to a liberal construction, he must follow the rules of federal procedure).

Fourth, the Court warned Qian in advance that dismissal of the action would be a likely sanction for failing to amend his complaint. See Memorandum Opinion and Order at 2-3. Finally, because he has failed to comply with the Court's order to amend his complaint and has failed to respond to the Defendants' motions, no lesser sanction than dismissal is likely to compel Qian's compliance with the Federal Rules.

Because each of the criteria the Court should consider before dismissing the complaint weigh in favor of dismissal and because Qian has not submitted any responsive documents since February

6, 2006, the Court will grant the Defendants' motion.

**IT IS ORDERED** that the Defendants' Motion to Dismiss is granted.[1]

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Weidong Qian
Jamaica, New York

    *Pro Se Plaintiff*

Elizabeth L. German
Brown & German
Albuquerque, New Mexico

    *Attorneys for Defendants*

---

[1] In their motion, the Defendants request that Qian's claims be dismissed with prejudice. Because Qian is proceeding pro se, because there is the possibility that he is not receiving service at the address that the parties and the Court have listed for him in New York, and because there is the possibility that he returned to the People's Republic of China, the Court grants the Defendants' motion without prejudice. Qian's claims are dismissed without prejudice.